UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-01444-FMO (RAOx) | Date | April 18, 2022 |
|---|---|---|---|
| Title | Patrice Iniguez v. Synchrony Bank | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     (In Chambers) Order Re: Further Proceedings

On April 14, 2022, the Clerk entered default as to Synchrony Bank. Accordingly, IT IS ORDERED THAT:

1. Plaintiff shall file and serve a motion for default judgment no later than **May 2, 2022**, and notice it for hearing pursuant to the Local Rules. The motion shall include all types of relief plaintiff seeks, i.e., damages, injunctive relief and attorney's fees. Failure to include a request for a particular type of relief shall result in the denial of the relief omitted from the moving papers. At a minimum, plaintiff's motion shall address: (a) procedural history of the action, (b) the requirements set forth in Local Rule 55-1; (c) the default judgment factors set forth in Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986); (d) the legal authority that sets out the elements of the causes of action upon which plaintiff seeks default judgment;[1] and (e) the legal and factual basis – with specific citations to statutes and case law – for its damages calculations and attorney's fees claims. The damages calculations must be supported by detailed, clear, and thorough calculations, and cite to the underlying admissible evidence, such as contracts, spreadsheets, and declarations. Plaintiff's motion must include the calculations within the text of the memorandum of points and authorities and, if appropriate, include a separate table or chart entitled, "Calculations Summary."

2. Plaintiff is advised that failure to failure to file the motion for default judgment by the deadline set forth above or comply with the requirements set forth in this Order and/or to provide sufficient information for the court to make a determination as to any issue or damages calculation, may result in the motion being denied and/or the action against defendant being dismissed for failure to prosecute and/or to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | Initials of Preparer | gga |
|---|---|---|

---

[1] Plaintiff should consider the number of claims upon which it seeks default judgment. To the extent the relief plaintiff seeks can be obtained under one claim, it is not necessary – and may only delay – to seek default judgment as to the other claims in the operative complaint.